## COMMONWEALTH vs. JEREMIAH BROWN, JR.

An indictment for an unlawful sale of spirituous and intoxicating liquors, "to a certain person whose name is Mary Garland," is not supported by proof of a sale to a person whose name at the time of the sale was Mary Garland, but who, before the indictment was found, acquired a new surname by marriage.

INDICTMENT on *St.* 1852, *c.* 322, § 7, for an unlawful sale of spirituous and intoxicating liquors "to a certain person whose name is Mary Garland."

At the trial in the court of common pleas, a witness was called for the Commonwealth, by the name of Mary Garland, and appeared and testified to a sale of spirituous and intoxicating liquor made to her by the defendant; and testified, upon cross-examination, that she was then the wife of Jeffrey Morrison, having been married to him three months previously, which was before the finding of the indictment; and that until that marriage her name was Mary Garland. The defendant objected that the evidence of the witness did not support the allegation in the indictment. But *Briggs*, J. overruled the objection. And the defendant, being found guilty, alleged exceptions.

*E. H. Bennett*, for the defendant. The name of the person, if known, to whom the sale was made, must be truly set forth in the indictment. *Commonwealth* v. *Thurlow*, 24 Pick. 379. And being a material averment, it must be strictly proved. The averment in this indictment is, that the sale was "to a certain person whose name *is* Mary Garland," that is, at the time when the indictment was found; but the proof was, that the name of such person, at that time, was Mary Morrison.

*J. H. Clifford*, (Attorney General,) for the Commonwealth, admitted that the name of the person to whom the sale was made must be truly set forth; but contended that, as the name of such person at the time of finding the indictment was immaterial, the indictment must be understood as setting forth her name at the time of the sale; and that the words "a certain person whose name is" might be rejected as surplusage, so as to leave a simple averment of a sale "to Mary Garland."

But THE COURT were of opinion that the indictment described the person, to whom the sale was made, by her name at the time when the indictment was found, and that the conviction could not be supported. And the attorney general, with the concurrence of the court, (required by *St.* 1852, *c.* 322, § 13, in cases arising under that statute,) entered a *nolle prosequi.*